UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JOHN DOE, <u>et</u> <u>al.</u>,**                )
                                    )
      **Plaintiffs,**            )
                                    )
      v.                        )    **Civil Action No. 16-253 (BAH)**
                                    )
**MERRILL LYNCH, <u>et</u> <u>al.</u>,**           )
                                    )
      **Defendants.**            )
_____)

## ORDER

Plaintiffs John and Jane Doe, a father and his daughter, filed a civil complaint, on February 16, 2016, against Bank of America Corp. ("BOA") and its subsidiary Merrill Lynch & Co. ("ML") asserting three claims for negligence, breach of contract, and "false light invasion of privacy," predicated on allegations that BOA negligently closed plaintiffs' bank accounts and ML rejected John Doe's application to open an alternative investment account and initiated an investigation into John Doe's conduct. *See* Compl., ECF No. 1, at 1-2. Plaintiffs filed a motion to proceed in this case under pseudonym on February 23, 2016, because John Doe is a "well-known international banking figure and held in high regard" and publication of this lawsuit would potentially damage the relationships that he has with entities on which he sits as a board member. Pls.' Mot. for Limited Reconsideration of this Court's Order Denying Permission to Use Pseudonyms ("Pls.' Mot."), ECF No 2, at 1. This motion was denied for failure to "provide any analysis of the factors that this Court uses to weigh 'one party's need for anonymity against

the public's right to access to court proceedings and the risk of unfairness to the opposing party.'" Order, dated Feb. 29, 2016, ECF No. 3, at 1 (citation omitted).

Plaintiffs subsequently filed the pending motion for limited reconsideration addressing the pertinent factors to obtain relief from the requirement that "[t]he title of the complaint must name all the parties[.]" *See* Fed. R. Civ. P. 10(a). Specifically, the plaintiffs explain, first, that requiring the disclosure of their names, given the nature of the allegations at issue in this lawsuit, would attach "the scarlet letter of money laundering or terrorism ties" to their names, and result in the very reputational damage they seek to vindicate. Pls.' Mot. at 2. Second, requiring disclosure of the plaintiffs' names would "have a chilling effect on other victims bringing actions to redress their like grievances because of the compounded humiliation and reputational damage of doing so." *Id*. at 2-3. Third, while considerations of the risks of retaliatory physical or mental harm to the plaintiffs or innocent non-parties and the ages of the plaintiffs, *Nat'l Assoc. of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008), are inapplicable and in favor of disclosure, other factors militate against disclosure at this procedural juncture: namely, the defendants are large banking institutions with minimal risk of reputational damage from the allegations in the lawsuit that these institutions acted in a manner designed to avoid involvement in illicit activity. Finally, merely filing the lawsuit with pseudonyms poses no risk of unfairness to the defendants, since permission to use pseudonyms is granted only temporarily and the need for disclosure may be reassessed as the lawsuit proceeds. *See, e.g., Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1069 (9th Cir. 2000) ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses."); *Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014) ("if this case proceeds to trial, the plaintiff will not be allowed to use a

pseudonym" (citations omitted)); *Doe v. De Amigos, LLC*, 2012 U.S. Dist. LEXIS 190501, 7-8 (D.D.C. Apr. 30, 2012) (granting plaintiff's motion to use pseudonym and clarifying that "[o]nly a Court-issued protective order could preclude defendant from revealing plaintiff's identity in conducting discovery" (citations omitted)).

Accordingly, upon finding that the plaintiffs have articulated a substantial reason to maintain the privacy of their names that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings," *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 188 (2d Cir. 2008) (internal quotations and citation omitted), the plaintiffs' Motion for Limited Reconsideration of this Court's Order Denying Permission to Use Pseudonyms is GRANTED.  It is further ORDERED that plaintiffs shall file their names and full residence addresses under seal and disclose this information to the defendants upon service of the complaint.

**SO ORDERED.**

Date:  April 28, 2016

_____
BERYL A. HOWELL
Chief Judge